IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE VENOCO, LLC, *et al.*, | : | Chapter 11 |
| | : | Bankr. No. 17-10828 (KG) |
| Debtors. | : | (Jointly Administered) |

| | | |
|---|---|---|
| STATE OF CALIFORNIA, | : | Civ. No. 19-mc-07-CFC |
| | : | |
| Appellant, | : | |
| v. | : | |
| | : | |
| EUGENE DAVIS, in his capacity as | : | |
| Liquidating Trustee of the Venoco | : | |
| Liquidating Trust, | : | |
| Appellee. | : | |

| | | |
|---|---|---|
| CALIFORNIA STATE LANDS | : | Civ. No. 19-mc-11-CFC |
| COMMISSION, | : | |
| Appellant, | : | |
| v. | : | |
| | : | |
| EUGENE DAVIS, in his capacity as | : | |
| Liquidating Trustee of the Venoco | : | |
| Liquidating Trust, | : | |
| Appellee. | : | |

**MEMORANDUM ORDER**

## I. INTRODUCTION

The above-captioned appeals arise from the decision, *In re Venoco, LLC*,

2019 WL 181669 (Bankr. D. Del. Jan. 2, 2019) ("Decision"), entered in an

1

adversary proceeding[1] currently pending before the United States Bankruptcy Court for the District of Delaware, which denied motions to dismiss the Adversary Proceeding filed by defendants State of California ("State") and the California State Lands Commission ("Commission") (together, "Appellants"). Pending before this Court is Appellants' joint motion (Civ. No. 19-mc-07-CFC, D.I. 8; Civ. No. 19-mc-11, D.I. 4) ("Stay Motion") seeking an order from this Court further extending the stay of the Adversary Proceeding pending the outcome of Appellants' joint motion for leave to allow interlocutory appeal of the Decision (Civ. No. 19-mc-07-CFC, D.I. 3; Civ. No. 19-mc-11-CFC, D.I. 2) ("Joint Motion") and respective appeals. For the reasons set forth below, the Court will grant the Stay Motion.

## II. BACKGROUND

### A. Motions to Dismiss

On April 17, 2017, debtor Venoco, LLC and certain affiliates ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code. On May 23, 2018, the Bankruptcy Court confirmed Debtors' plan of liquidation. On October 16, 2018, the liquidating trustee ("Trustee"), on behalf of the liquidating trust established pursuant to the plan ("Trust"), filed a complaint against Appellants

---

[1] *Eugene Davis v. State of California and California State Lands Commission*, Adv. No. 18-50908 (KG) (Bankr. D. Del.) (the "Adversary Proceeding"). The docket of Adversary Proceeding is cited herein as "Adv. D.I. __."

2

asserting the Trust's state law claims of inverse condemnation with respect to a facility owned by the Trust. The substantive issue in the Adversary Proceeding is whether the Commission has the right to continue occupying and using the facility without buying it or paying rent to the Trust.

On November 2, 2018, Appellants each filed a motion to dismiss the Adversary Proceeding (Adv. D.I. 8, 12) (together, "Motions to Dismiss") on various grounds including: (i) Appellants are immune from suit in any federal forum under the Eleventh Amendment to the United States Constitution and related principles of sovereign immunity; (ii) the Trustee may not pursue a condemnation claim until it first exhausts state law remedies; and (iii) the Bankruptcy Court lacks subject matter jurisdiction over the Adversary Proceeding. Following oral argument held on December 12, 2018, the Bankruptcy Court issued its Decision denying the Motions to Dismiss on January 2, 2019. *Venoco*, 2019 WL 181669, at *9. The Bankruptcy Court concluded that Appellants are not immune from the Adversary Proceeding as a result of Eleventh Amendment sovereign immunity ("Sovereign Immunity Ruling"). *See id.* at *3-*4. The Bankruptcy Court further determined that it had core jurisdiction over the Adversary Proceeding ("Jurisdiction Ruling"). *See id.* at *4-*7. Finally, the Bankruptcy Court determined that the Trustee was not required to exhaust state law remedies prior to initiating the Adversary Proceeding ("Exhaustion Ruling"). *See id.* at *7-8.

On January 11, 2019, the Bankruptcy Court entered a scheduling order that expedited and set a cutoff of date for discovery in the Adversary Proceeding of February 18, 2019 and also set a trial date of March 19, 2019 ("Trial Date").

**B.     Appeals**

Appellants filed their notices of appeal from the Decision on January 7 and 8, 2019, respectively. On January 16, 2019, Appellants filed their Joint Motion seeking leave to appeal immediately the Bankruptcy Court's three rulings. Appellants argue that the Sovereign Immunity Ruling is immediately appealable by right under the collateral order doctrine. (*See* Civ. No. 17-mc-07-CFC, D.I. 3 at 6-8). Appellants request leave to appeal immediately the interlocutory Jurisdiction Ruling and Exhaustion Ruling pursuant to 28 U.S.C. § 158(a)(3). Appellants' Joint Motions were fully briefed as of February 7, 2019.

Contemporaneously with this Memorandum Order, the Court has entered an Order granting the Joint Motion in part and solely with respect to Appellants' request for leave to appeal immediately the Sovereign Immunity Ruling. The Court has reserved judgment with respect to Appellants' request for leave to appeal the interlocutory Jurisdiction Ruling and Exhaustion Ruling.

**C.     Stay Order**

In the meantime, Appellants filed a motion seeking a stay of the Adversary Proceeding pending appeal. (*See* Adv. D.I. 39). On January 22, 2019, the

Bankruptcy Court issued a bench ruling granting "a stay pending appeal which defendants requested to raise with the District Court the court's ruling on sovereign immunity. The stay will be in effect for 28 days from today or until February 19 by which time the District Court will be able to decide if the stay is appropriate and, perhaps, even to rule substantively on the merits of the appeal. However, the March 19 trial date will remain on the court's calendar for the time being." (*Id.* at 4:20-5:1). The same day, the Bankruptcy Court entered an order regarding same (Adv. D.I. 74) ("Stay Order"). The Bankruptcy Court did not grant an indefinite stay, noting: "[I]t appears that the defendants may be acting improperly and to the liquidating trust's prejudice and disadvantage in continuing to occupy the [facility] without reaching an agreement with the trust . . . And by doing so, the defendants are exposing the trust to potential liability." (*Id.* at 4:10-15). The Bankruptcy Court granted the stay without requiring any bond. (Adv. D.I. 74). The Stay Order stays the entire Adversary Proceeding. (*See* Adv. D.I. 74).

**D.   Stay Motion**

Appellants' Stay Motion, seeking a further stay of the Adversary Proceeding from this Court, was fully briefed on February 8, 2019. The same day, the Court received courtesy copies of the Stay Motion and related pleadings. According to Appellants' cover letter, "Given the time urgency of the matter described in the briefing, the Appellants are available at the Court's convenience should Your Honor have any questions regarding the briefing or wish to schedule a hearing on

5

the [Stay Motion]." (Civ. No. 19-cv-07, D.I. 27; Civ. No. 19-mc-11, D.I. 23). The docket, however, reflects that no emergency motion or request for expedited review or hearing has been filed with this Court in either appeal.

## III. PARTIES' CONTENTIONS

Appellants argue that the Stay Order should be extended because it is set to expire on February 19, 2019 and does not provide enough time for this Court to decide the appeal, including the time that will be necessary for mandatory mediation and briefing. Appellants cite various cases arguing (i) that the Adversary Proceeding was "automatically stayed" by virtue of their appeal on immunity grounds (*see id.*, D.I. 8 at 8-9) (citing, *inter alia*, *Bell Atlantic-Delaware, Inc. v. Global NAPS South, Inc.*, 77 F. Supp. 2d 492, 497 (D. Del. 1999); *Goshtasby v. Board of Trustees*, 123 F.3d 427 (7th Cir. 1997)); and (ii) that the Bankruptcy Court has been "divested of jurisdiction" over the entire Adversary Proceeding by virtue of their appeals (*see id.* at 9-10) (citing, *inter alia*, *United States v. Leppo*, 634 F.2d 101 (3d Cir. 1980); *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990); *May v. Sheahan*, 226 F.3d 876, 879-81 (7th Cir. 2000); *Sacred Heart Hosp. v. Dept. of Pub. Welfare (In re Sacred Heart Hosp.)*, 204 B.R. 132 (E.D. Pa. 1997)).

Trustee argues that the Stay Motion should be denied because Appellants have failed to fulfill the requirements of Bankruptcy Rule 8007 and are required to seek an extension of the Stay Order first in the Bankruptcy Court, which retains

jurisdiction over the Stay Order pursuant to the Federal Rules of Bankruptcy Procedure. Trustee further argues that the Stay Motion is not ripe, given that the Stay Order is still in effect, and this Court has not yet determined the scope of the issues that will come before it on interlocutory appeal. According to the Trustee, the Court cannot extend the Stay Order with respect to non-sovereign immunity issues because those issues are not within the scope of the Bankruptcy Court's Stay Order. Finally, if this Court elects to grant a stay, Trustee asserts that Appellants should be required to post a substantial bond to protect the Trust during the pendency of the appeals.

## IV. ANALYSIS

### A. Stay Motion

Bankruptcy Rule 8007 is inapplicable to the relief Appellants have requested here. Appellants do not request that this Court vacate or modify the Stay Order; rather, Appellants request that this Court extend the Stay Order "by entering its own order, new and different from the Stay Order." (*See* Civ. No. 19-mc-07, D.I. 8 at 25). Trustee makes much of the Bankruptcy Court's statement that "the motion to stay pending appeal is specific to the sovereign immunity issue" and argues the Bankruptcy Court retains jurisdiction over the remainder of the Adversary Proceeding (1/22/19 Hr'g Tr. at 4:1-2). The Court has reviewed the case law addressing the stay of further proceedings during an interlocutory appeal from the denial of an Eleventh Amendment claim. "[I]f the defendant is correct

7

that it has immunity, its right to be free of litigation is compromised, and lost to a degree, if the [trial] court proceeds while the appeal is pending." *Goshtasby*, 123 F.3d at 428.

A stay of the Adversary Proceeding pending the outcome of the appeal of the Sovereign Immunity Ruling is required. *Bell Atlantic-Delaware*, 77 F. Supp. 2d at 497. The Court will grant the Stay Motion.

### B. Expedited Consideration of the Joint Motion

Despite the claimed "time urgency," Appellants filed no emergency motion or request for expedited review with this Court. In the absence of such a motion or request, the Court is reluctant to set any precedent granting such relief. The Court is mindful, however, of the situation presented in the Adversary Proceeding and accordingly intends rule on the Appellants' request for leave to appeal the interlocutory Jurisdiction Ruling and Exhaustion Ruling in the near term.

## IV. CONCLUSION

For the reasons set forth herein, it is hereby ORDERED that:

1. The Stay Motion is GRANTED.

2. The Adversary Proceeding is STAYED pending this Court's determination of Appellants' appeal of the Sovereign Immunity Ruling.

3. Expedited consideration of Appellants' request for leave to appeal the interlocutory Jurisdiction Ruling and Exhaustion Ruling is *sua sponte* GRANTED.

Entered this 19th day of February, 2019.

_____
UNITED STATES DISTRICT JUDGE